UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| ALICIA JO REIDER, | : | CASE NO.  21-50335-WLH |
| | : | |
| Debtor. | : | |
| | : | |

| | | |
|---|---|---|
| S. GREGORY HAYS, | : | |
| Chapter 7 Trustee for the Estate of | : | |
| Alicia Jo Reider, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | ADV. PRO. NO. |
| | : | |
| JUDY B. REIDER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**COMPLAINT**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Alicia Jo Reider ("**Debtor**"), through undersigned counsel, and files this *Complaint* against Judy B. Reider ("**Defendant**"), and respectfully shows:

**Jurisdiction and Venue**

1.     This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 544, 550, and 551.

2.     This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157 (b)(2).

3.     Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary proceeding arises in the Chapter 7 bankruptcy case of the Debtor, Case No. 21-50335-WLH (the

"**Bankruptcy Case**" or "**Case**"), pending in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the "**Bankruptcy Court**").

4. This adversary proceeding is initiated under Rule 7001 of the Federal Rules of Bankruptcy Procedure.

5. Defendant is Debtor's mother.

6. Defendant is subject to the jurisdiction of this Court and may be served under Rule 7004 of the Federal Rules of Bankruptcy Procedure by first class United States Mail.

7. Trustee consents to the entry of final orders or judgment by the Bankruptcy Court pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

<strong>Statement of Facts</strong>

<em><strong>a. General Background</strong></em>

8. Debtor initiated the underlying Bankruptcy Case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on January 14, 2021 (the "**Petition Date**").

9. Trustee is the duly acting Chapter 7 trustee in the Bankruptcy Case.

<em><strong>b. The Properties</strong></em>

10. Prior to the Petition Date, Debtor owned a one-half interest in certain improved real property with a common address of 704 Victoria Court, Woodstock, Georgia 30189 (the "**Georgia Property**").

11. The other owner of the Georgia Property was Defendant.

12. Debtor also owned a one-half interest in certain unimproved real property in High Knob, West Virginia (the "**West Virginia Property**").

13. The other owner of the West Virginia Property was Defendant.

### c. The Transfers

### i. The First Transfer

14.     On or about January 26, 2018, Debtor executed a Limited Warranty Deed (the "**Georgia Deed**"), transferring her interest in the Georgia Property to Defendant (the "**First Transfer**").

15.     A true and correct copy of the Georgia Deed is attached hereto and incorporated herein by reference as Exhibit "A."

16.     The face of the Georgia Deed shows that Defendant paid a $0.00 transfer tax as part of the First Transfer.

17.     Upon information and belief, Defendant paid no more than $10.00 to Debtor for the Georgia Property at the time of the First Transfer.

18.     At the time of the First Transfer, the Georgia Property was encumbered by one security deed in favor of JPMorgan Chase Bank, N.A., which secured the repayment of a debt in the approximate amount of $40,000.00 (the "**JPMorgan Debt**").

19.     Upon information and belief, Debtor was obligated on the JPMorgan Debt.

20.     Upon information and belief, Debtor remained obligated on the JPMorgan Debt after the First Transfer.

21.     Upon information and belief, at the time of the First Transfer, the Georgia Property had a value of approximately $170,000.00.

22.     Upon information and belief, on the Petition Date, the Georgia Property had a value of approximately $245,000.00.

23.     Upon information and belief, the Georgia Property currently has a value of approximately $285,000.00.

24.    After the First Transfer, Debtor continued to reside at the Georgia Property.

25.    Debtor resided at the Georgia Property on the Petition Date.

### ii. The Second Transfer

26.    On or about July 16, 2019, Debtor executed a Deed (the "**West Virginia Deed**"), transferring her interest in the West Virginia Property to Defendant (the "**Second Transfer**" and with the First Transfer, the "**Transfers**").

27.    A true and correct copy of the West Virginia Deed is attached hereto and incorporated herein by reference as Exhibit "B."

28.    Upon information and belief, at the time of the Second Transfer, the West Virginia Property was unencumbered.

29.    Upon information and belief, Defendant paid no more than $10.00 to Debtor for the West Virginia Property at the time of the Second Transfer.

30.    Upon information and belief, after the Second Transfer, Defendant sold the West Virginia Property for $17,000.00 (the "**West Virginia Sale**").

31.    Upon information and belief, even though Debtor previously owned a one-half interest in the West Virginia Property, Defendant transferred no portion of the sale proceeds from the West Virginia Sale directly to Debtor.

### d. Debtor's Financial Condition

32.    On her bankruptcy disclosure forms, Debtor scheduled total debts of approximately $71,700.00, and she scheduled total assets with a value of approximately $7,600.00.  [Doc. No. 1 at pages 17 and 33 of 67].

33.    On her *Schedule E/F: Creditors Who Have Unsecured Claims* ("**Schedule E/F**"), Debtor scheduled the claim of Bank of America in the amount of $12,615.00, and she stated that

this debt was incurred on May 1, 2016.  *Id.* at page 25 of 67.

34.     On her Schedule E/F, Debtor scheduled the claim of Wells Fargo Dealer Services in the amount of $9,369.00, and she stated that this debt was incurred on June 1, 2016.  *Id.*

35.     On her Schedule E/F, Debtor scheduled the claim of BB&T in the amount of $8,679.00, and she stated that this debt was incurred on May 1, 2017.  *Id.* at page 26 of 67.

36.     On her Schedule E/F, Debtor scheduled the claim of Citibank/The Home Depot in the amount of $1,970.00, and she stated that this debt was incurred on January 1, 2015.  *Id.*

37.     Upon information and belief, Debtor's financial condition did not materially change from the dates of the Transfers to the Petition Date.

38.     Upon information and belief, as a result of the Transfers and at the time of the Transfers, the value of the Debtor's assets was less than the value of her liabilities.

## COUNT I
### (Avoidance of First Transfer Under 11 U.S.C. § 544(b) and O.C.G.A. § 18-2-75(a), or other applicable law)

39.     Trustee realleges the allegations of paragraphs 1 through 38 above as though fully set forth herein.

40.     Debtor made the First Transfer to Defendant less than three years before the Petition Date.

41.     Debtor received less than reasonably equivalent value in exchange for the First Transfer.

42.     Debtor was insolvent on the date of the First Transfer, or she became insolvent as a result of the First Transfer.

43.     Under 11 U.S.C. § 544(b) and O.C.G.A. § 18-2-75(a), or other applicable law, Trustee is entitled to avoid the First Transfer made by Debtor to Defendant.

5

**COUNT II**
**(Recovery of the Avoided First Transfer under 11 U.S.C. § 550)**

44.     Trustee realleges the allegations of paragraphs 1 through 43 above as though fully set forth herein.

45.     Defendant was the initial transferee of the First Transfer and/or the person for whose benefit the First Transfer was made.

46.     Under 11 U.S.C. § 550(a)(1), Trustee is entitled to recover for the Bankruptcy Estate the Georgia Property interest transferred through the First Transfer, or the value of the avoided First Transfer, from Defendant.

**COUNT III**
**(Preservation of the Avoided First Transfer under 11 U.S.C. § 551)**

47.     Trustee realleges the allegations of paragraphs 1 through 46 above as though fully set forth herein.

48.     Once avoided, the First Transfer is automatically preserved for the benefit of the Bankruptcy Estate, under 11 U.S.C. § 551.

**COUNT IV**
**(Avoidance of Second Transfer Under 11 U.S.C. § 544(b) and**
**O.C.G.A. § 18-2-75(a), or other applicable law)**

49.     Trustee realleges the allegations of paragraphs 1 through 38 above as though fully set forth herein.

50.     Debtor made the Second Transfer to Defendant approximately one-and-a-half years before the Petition Date.

51.     Debtor received less than reasonably equivalent value in exchange for the Second Transfer.

52.     Debtor was insolvent on the date of the Second Transfer.

53.     Under 11 U.S.C. § 544(b) and O.C.G.A. § 18-2-75(a), or other applicable law, Trustee is entitled to avoid the Second Transfer made by Debtor to Defendant.

## COUNT V
### (Recovery of the Avoided Second Transfer under 11 U.S.C. § 550)

54.     Trustee realleges the allegations of paragraphs 1 through 38 and paragraphs 49 through 53 above as though fully set forth herein.

55.     Defendant was the initial transferee of the Second Transfer and/or the person for whose benefit the Second Transfer was made.

56.     Under 11 U.S.C. § 550(a)(1), Trustee is entitled to recover for the Bankruptcy Estate the West Virginia Property interest transferred through the Second Transfer, or the value of the avoided Second Transfer, from Defendant.

## COUNT VI
### (Preservation of the Avoided Second Transfer under 11 U.S.C. § 551)

57.     Trustee realleges the allegations of paragraphs 1 through 38 and paragraphs 49 through 56 above as though fully set forth herein.

58.     Once avoided, the Second Transfer is automatically preserved for the benefit of the Bankruptcy Estate, under 11 U.S.C. § 551.

### Reservation of Rights

59.     Trustee reserves the right to amend this Complaint to add additional parties, to add additional transfers, and to assert additional claims, including but not limited to any and all claims arising under Title 11 of the United States Code or other applicable law.  Trustee intends to avoid all avoidable transfers from Debtor to Defendant, under applicable laws, and to recover the same, or the value of the same, for the benefit of the Bankruptcy Estate.

WHEREFORE, Trustee prays that this Court enter a judgment in favor of Trustee and against the Defendant:

a)  avoiding the First Transfer under 11 U.S.C. § 544(b) and O.C.G.A. § 18-2-75(a), or other applicable law;

b)  requiring Defendant to return to Trustee the Georgia Property interest transferred through the First Transfer, or, alternatively, finding the Defendant liable for the value of the First Transfer under 11 U.S.C. § 550;

c)  preserving the avoided First Transfer for the benefit of the Bankruptcy Estate, under 11 U.S.C. § 551;

d)  avoiding the Second Transfer under 11 U.S.C. § 544(b) and O.C.G.A. § 18-2-75(a), or other applicable law;

e)  requiring Defendant to return to Trustee the West Virginia Property interest transferred through the Second Transfer, or, alternatively, finding the Defendant liable for the value of the Second Transfer under 11 U.S.C. § 550;

f)  preserving the avoided Second Transfer for the benefit of the Bankruptcy Estate, under 11 U.S.C. § 551; and

g)  granting such other and further relief as is just and proper.

Respectfully submitted this 10th day of January, 2023.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
        Michael J. Bargar
        Georgia Bar No. 645709
        mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

**EXHIBIT "A" FOLLOWS**

DEED BOOK:14248  PG:806   Filed: 02/19/2018 09:06 AM  Clerk File Number: 2018-005520
Rec: $10.00    TRANSFER TAX $0.00
Patty Baker, Clerk of Superior Court - Cherokee County, GA

AFTER RECORDING, PLEASE RETURN TO:
MERINO & ASSOCIATES, LLC
2230 Towne Lake Parkway, Bldg 400, Suite 140
Woodstock, GA 30189

File No:  M18010029

**STATE OF GEORGIA**
**COUNTY OF CHEROKEE**

### LIMITED WARRANTY DEED

THIS INDENTURE made this 26th day of January, 2018, between
**Alicia J. Reider**
as party or parties of the first part, hereinafter called Grantor, and
**Judy B. Reider,**
as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH that: Grantor, for and in consideration of the sum of TEN DOLLARS AND OTHER GOOD AND VALUABLE CONSIDERATIONS ($10.00) DOLLARS in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee, the following described property, to-wit::

**All that tract or parcel of land lying and being in Land Lot 755 of the 21st District, 2nd Section, Cherokee County, Georgia, being Lot 14, Victoria Station Subdivision, Unit 1, as reflected on a plat of survey recorded in Plat Book 40, Page 88, Cherokee County Records, to which said plat reference is made for a more particular delineation of a metes, bounds and courses description.**

This Deed is given subject to all easements and restrictions of record.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee, forever in FEE SIMPLE.

AND THE SAID Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons by, through and under the above named grantor.

IN WITNESS WHEREOF, Grantor has hereunto set grantor's hand and seal this day and year first above written.

Signed, sealed and delivered in the presence of:

_____
Witness

_____
Notary Public
My Commission Expires:

_____ (Seal)
Alicia J. Reider

_____ (Seal)

LJ_WarrantyDeed_JT                                        M18010029

**EXHIBIT "B" FOLLOWS**

Case 21-50335-wlh   Doc 27   Filed 01/10/21   Entered 01/10/21 Desc Main

JUDY F. REIDER
704 VICTORIA COURT
WOODSTOCK, GA 30189

ALICIA J. REIDER

TO: DEED

JUDY F. REIDER (also known as JUDY BLACK REIDER)

THIS DEED, made and entered into this the 16 Day of July , 2019 by and between ALICIA J. REIDER, Grantor and Party of the First Part and JUDY F. REIDER (also known as JUDY BLACK REIDER), Grantee and Party of the Second Part, whose mailing address is 704 Victoria Court, Woodstock, GA 30189.

WITNESSETH: That for and in consideration of the sum of TEN DOLLARS ($10.00), cash in hand paid and other good and valuable consideration deemed valid in law, the receipt of all of which is hereby acknowledged, the Grantor and Party of the First Part does hereby grant, sell and convey, with covenants of general warranty, unto the Grantee and Party of the Second Part, all that certain tract or parcel of real estate located in Moorefield District, Hardy County, West Virginia, and as more fully described as follows:

"All that certain tract or parcel of real estate, together with a ll rights, rights-of-way, easements, improvements and appurtenances thereunto belonging, situate in the High Knob area of the Moorefield District, Hardy County, West Virginia, and being designated as Lot No. 8, Section 2, in the subdivision known as "Old Fields," containing 7.997 acresm more or less, on plats of said subdivision prepared by Allen G. Clem, Licensed Land Surveyor No. 236, which plats are of record in he Office of the Clerk of the County Commission of Hardy County, West Virginia, in Plat Book no. 1, at Pages 11 and 20, and reference is hereby expressly made to said plat for any and all relevant or pertinent purposes for a more particular description of the real estate conveyed herein. Said tract or parcel of real estate is also designated as Parcel No. 14 on State of West Virginia (Moorefield District, Hardy County) Tax Map No. 165."

AND BEING the same real estate conveyed unto Judy F. Reider, (also known as Judy Black Reider) and Alicia J. Reider by deed from DeWitt Black, Jr. By his Power of Attorney, Reda J. Black.   Said Deed dated the 14th day of November, 2013, of record in the Office of the Clerk of the County Commission of Hardy County in Deed Book No. 329, at Page 490.  Reference is hereby made to aforesaid deed and other documents therein referred to and same are incorporated herein, by reference, for all proper and pertinent reasons.

The real estate herein conveyed is also subject to any rights or easements which may affect same and which are of record in the aforesaid Clerk's Office.

Said real estate is subject to all of the terms, provisions, restrictions and covenants contained in the instrument entitled, "DECLARATION AND ESTABLISHMENT OF CONDITIONS, RESERVATIONS, COVENANTS and RESTRICTIONS FOR OLD FIELDS," said restrictive covenants running with the land

and attaching to the parcel of real estate being herein conveyed. Said instrument *is of* record in the Office of the Clerk of the County Commission of Hardy County, West Virginia in Deed book No. 134, at Page 387. Reference is also made to the instrument entitled, "OWNERS ASSOCIATION FOR THE SUBDIVISION OF OLD FIELDS," which provides further for management, control and maintenance of park areas and roadways within said subdivision. Said instrument is of record in the Office of the Clerk of the County Commission of Hardy County, West Virginia, in Deed Book No. 134, at Page 379. The terms, provisions, restriction and covenants contained in the test of said two instruments, together with subsequent amendments of record, are incorporated herein as though the test appeared verbatim herein.

It is the purpose and the intention of this deed and it is hereby accepted by the Grantees, that this real estate is conveyed unto them with rights of survivorship, that is, if any of the Grantors herein shall die before the others, then the entire estate is fee simple in and to said property shall be and become the sole property of the survivor or survivors.

The Hardy County Subdivision Ordinance does not apply to this conveyance because said conveyance will not result in the formation of a new tract of land not previously on record.

Although the real estate taxes may be prorated between the parties as of the day of closing for the current tax year, the grantees agree to assume and be solely responsible for the real estate taxes beginning with the calendar year 2019, although same may still be assessed in the name of the grantor.

TO HAVE AND TO HOLD, the real estate herein conveyed, together with all rights, rights of way, improvements and appurtenances thereunto belonging, unto the said Judy F. Reider (also known as Judy Black Reider), her heirs or assigns, in fee simple, forever.

The above described property is assessed for taxation purposes upon the Land Books of Hardy County in Moorefield District, for the year 2013 as follows:

REIDER JUDY F & ALICIA J. REIDER
LOT 8 7.997 AC SEC 2
OLD FIELDS BLACK
MAP #: 165  PARCEL: 0014

## DECLARATION OF CONSIDERATION OF VALUE

Under the penalties of fine and imprisonment as provided by law the undersigned

hereby declare that the total consideration paid for the real estate transferred by

document to which this declaration is appended consideration in exempt as same is a

transfer between parent and child.

WITNESS THE FOLLOWING SIGNATURE(S) AND SEAL(S)

_____(SEAL)

ALICIA J. REIDER

STATE OF Georgia,

COUNTY OF Cherokee, to-witt:

I, P. Yepez, a Notary Public in and for the county and state

aforesaid, do hereby certify that Alicia J. Reider, whose name is signed to the writing

annexed hereto bearing date the 16 day of July, 2019, have this day

acknowledged the same before me in my said county and state.

Given under my hand this the 16 day of July, 2019.

My commission expires 7/30/2022.

_____

NOTARY PUBLIC

> P YEPEZ
> NOTARY PUBLIC
> Cobb County
> State of Georgia
> y Comm. Expires July 30, 2022

(AFFIX NOTARY SEAL)

The foregoing document prepared by: William H. Judy, III, P.O. Box 636, Moorefield, West Virginia 26836, (304) 538-7777
Without title opinion.

> P YEPEZ
> NOTARY PUBLIC
> Cobb County
> State of Georgia
> My Comm. Expires July 30, 2022

This document presented and filed:
08/01/2019 11:46:45 AM

Gregory L. Ely, Hardy County, WV

214982    Transfer Tax: $0.00