UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-50335-WLH |
| | : | |
| ALICIA JO REIDER, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

## MOTION FOR ORDER AUTHORIZING SETTLEMENT UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Alicia Jo Reider ("**Debtor**"), through undersigned counsel, and files his *Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"). In support of the Settlement Motion, Trustee respectfully shows:

### Jurisdiction and Venue

1. This Bankruptcy Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in this Settlement Motion is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

### Background

2. On January 14, 2021 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the

Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 21-50335-WLH (the "**Bankruptcy Case**" or "**Case**").

3. Prior to the Petition Date, Debtor owned a one-half interest in two real properties (the other co-owner of each property was Judy B. Reider ("**Ms. Reider**")). More particularly, Debtor owned a one-half interest in the real property with a common address of 704 Victoria Court, Woodstock, Georgia 30189 (the "**Georgia Property**"), and she owned a one-half interest in the real property located in High Knob, West Virginia (the "**West Virginia Property**" and with the Georgia Property, the "**Properties**").

4. On or about January 26, 2018, or less than three years before the Petition Date, Debtor executed a Limited Warranty Deed (the "**Georgia Deed**"), transferring her interest in the Georgia Property to Ms. Reider (the "**First Transfer**").

5. On or about July 16, 2019, or less than two years before the Petition Date, Debtor executed a deed (the "**West Virginia Deed**"), transferring her interest in the West Virginia Property to Ms. Reider (the "**Second Transfer**" and with the First Transfer, the "**Transfers**").

6. On January 10, 2023, Trustee filed a complaint (the "**Complaint**") against Ms. Reider and initiated the adversary proceeding styled as *Hays v. Reider* (Adv. Pro. No. 23-5004-WLH) (the "**Adversary Proceeding**").

7. In the Complaint, Trustee asserts that he is able to: (a) avoid the Transfers under Section 544(b) of the Bankruptcy and other applicable laws; (b) recover the interests in the Properties transferred through the Transfers under Section 550 of the Bankruptcy Code; and (c) preserve the avoided Transfers for the benefit of the Bankruptcy Estate under Section 551 of the Bankruptcy Code.

8. Ms. Reider has answered the Complaint and vehemently disputes that Trustee is

able to: (a) avoid the Transfers; (b) recover the interests in the Properties transferred through the Transfers (or the value of the same); or preserve the Transfers for the benefit of the Bankruptcy Estate (the "**Avoidance Disputes**").

9. On June 6, 2023, the Bankruptcy Court entered an order authorizing Trustee and Ms. Reider to mediate the Avoidance Disputes through a mediation hosted by the Honorable Sage M. Sigler (the "**Mediation**").

### The Proposed Settlement

10. As a result of the Mediation, Trustee and Ms. Reider (collectively, the "**Parties**") reached an agreement (the "**Settlement Agreement**") to resolve the Avoidance Disputes, subject to Bankruptcy Court approval. A copy of the Settlement Agreement is attached as Exhibit "A" to this Settlement Motion and is incorporated herein by reference. Significant terms of the Settlement Agreement follow:[1]

    a. Ms. Reider shall pay Trustee $26,000.00 in good funds (the "**Settlement Funds**") in resolution of the Avoidance Disputes in accordance with the following schedule (the "**Scheduled Payments**"):

        i. $722.22 a month for 35 months on the 15th day of the month beginning on the first 15th day of the month after the Settlement Approval Order becomes final (the "**$722.22 Payments**"); and

        ii. $722.30 on the 15th of the month one month after Ms. Reider has made the last of the $722.22 Payments.

    b. If Ms. Reider fails to pay timely the Scheduled Payments as set forth in Section 2.2 of the Settlement Agreement, Ms. Reider shall be entitled to three (3), and only three (3), 10-day cure periods following notice (the "**Default Notice**") by Trustee to Ms. Reider, in which Trustee shall notify Ms. Reider that she has failed to make a Scheduled Payment and which notice shall be given as set forth in Section 12 of the Settlement Agreement. Following Ms. Reider's receipt, as set forth in Section 12 of the Settlement

---

[1] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement shall control.

3

    Agreement, of a Default Notice, Ms. Reider shall have ten (10) days to cure the non-payment (the "**10- Day Cure Opportunity**") of the Scheduled Payment by delivering the respective Scheduled Payment to Trustee as set forth in Section 2.2 of the Settlement Agreement. After the three (3) permitted cure periods have been exhausted, Trustee shall be entitled to strict compliance with all subsequent payment deadlines.

c. Effective upon the Settlement Approval Order becoming final, Ms. Reider shall execute a consent order ("**Consent Order**") and consent judgment (the "**Consent Judgment**"), substantially in the form of the order and judgment attached hereto as Exhibit "A," in favor of Trustee and against Ms. Reider in the amount of $50,000.00. Trustee shall hold the Consent Order and Consent Judgment in escrow except as expressly set forth in Section 2.5 of the Settlement Agreement.

d. If Ms. Reider: (a) fails to cure timely an unpaid Scheduled Payment following one of her three (3) 10-day Cure Opportunities, or (b) fails to pay timely a Scheduled Payment after she has exhausted her three (3) 10-day Cure Opportunities, then:

  i. Trustee shall be entitled to seek entry of the Consent Order and the Consent Judgment by the Bankruptcy Court and then to take any other actions necessary or appropriate to collect the Consent Judgment;
  ii. Trustee shall be authorized to take all steps necessary to compel Ms. Reider to comply with the terms of the Settlement Agreement; and
  iii. Trustee shall be entitled to and shall set off any Scheduled Payments made by Ms. Reider against the amount she owes the Bankruptcy Estate under the Consent Order and the Consent Judgment.

e. If Ms. Reider pays Trustee $25,000.00 within one year of the Settlement Approval Order becoming final, then the amount Ms. Reider owes Trustee under the terms of the Settlement Agreement shall be reduced from $26,000.00 to $25,000.00.

f. The Parties stipulate and agree that Ms. Reider shall not have a claim in the Bankruptcy Case against the Bankruptcy Estate for or on account of payment of all or any portion of the $26,000.00 Settlement Funds, or for any other reason, including payment of $25,000.00 in accordance with Section 2.6 of the Settlement Agreement, and that neither Ms. Reider nor any of her affiliates, agents, principals, subsidiaries, heirs, or next of kin shall receive a distribution from the Bankruptcy Estate.

g. Within ten (10) business days of the later of: (a) the Settlement Approval Order becoming a final order, or (b): (i) Trustee's receiving the $26,000.00 Settlement Funds from Ms. Reider; or (ii) Trustee's receiving $25,000.00

from Ms. Reider in accordance with Section 2.6 of the Settlement Agreement, Trustee and Ms. Reider shall file a stipulation dismissing with prejudice the Adversary Proceeding.

h. The Parties grant each other broad and general releases.

## Relief Requested

11. By this Settlement Motion, Trustee requests that the Bankruptcy Court approve the Settlement Agreement between the Parties.

## Basis for Relief

12. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a

pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).[2]

13. The proposed settlement between the Parties is the product of arms' length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

14. Given the potential expense of litigating the claims raised by Trustee and the contingent nature of the same, in the event that the claims that are proposed to be settled are instead prosecuted, the amount of time that such litigation will require, the delay before the final outcome is known (including the time necessary for any potential appeals), and the complexity and uncertain resolution of factual and legal disputes, settlement on the terms described in the Settlement Agreement is a proper exercise of the Trustee's business judgment and in the best interests of the Bankruptcy Estate.

15. Trustee estimates that the proposed Settlement Agreement will allow him to make a meaningful distribution to holders of timely filed general unsecured claims.

16. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee requests that the Bankruptcy Court approve the Settlement Agreement.

[INTENTIONALLY LEFT BLANK]

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

WHEREFORE, Trustee respectfully requests that the Bankruptcy Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief that the Court deems just and appropriate.

Respectfully submitted, this 16th day of October, 2023.

                                                ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

    Georgia Bar No. 645709
    mbargar@rlkglaw.com

**EXHIBIT "A" FOLLOWS**

# SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") dated as of October 10, 2023 (the "**Effective Date**"), is entered between S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Alicia Jo Reider ("**Debtor**"); and Judy B. Reider ("**Ms. Reider**"), an individual resident of the State of Georgia.

## Background

1. On January 14, 2021 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 7 Case No. 21-50335-WLH (the "**Bankruptcy Case**" or "**Case**").

2. Prior to the Petition Date, Debtor owned a one-half interest in two real properties (the other co-owner of each property was Ms. Reider). More particularly, Debtor owned a one-half interest in the real property with a common address of 704 Victoria Court, Woodstock, Georgia 30189 (the "**Georgia Property**"), and she owned a one-half interest in the real property located in High Knob, West Virginia (the "**West Virginia Property**" and with the Georgia Property, the "**Properties**").

3. On or about January 26, 2018, or less than three years before the Petition Date, Debtor executed a Limited Warranty Deed (the "**Georgia Deed**"), transferring her interest in the Georgia Property to Ms. Reider (the "**First Transfer**").

4. On or about July 16, 2019, or less than two years before the Petition Date, Debtor executed a deed (the "**West Virginia Deed**"), transferring her interest in the West Virginia Property to Ms. Reider (the "**Second Transfer**" and with the First Transfer, the "**Transfers**").

5. On January 10, 2023, Trustee filed a complaint (the "**Complaint**") against Ms. Reider and initiated the adversary proceeding styled as *Hays v. Reider* (Adv. Pro. No. 23-5004-WLH) (the "**Adversary Proceeding**").

6. In the Complaint, Trustee asserts that he is able to: (a) avoid the Transfers under Section 544(b) of the Bankruptcy and other applicable laws; (b) recover the interests in the Properties transferred through the Transfers under Section 550 of the Bankruptcy Code; and (c) preserve the avoided Transfers for the benefit of the Bankruptcy Estate under Section 551 of the Bankruptcy Code.

7. Ms. Reider has answered the Complaint and vehemently disputes that Trustee is able to: (a) avoid the Transfers; (b) recover the interests in the Properties transferred through the Transfers (or the value of the same); or preserve the Transfers for the benefit of the Bankruptcy Estate (the "**Avoidance Disputes**").

Page 1 of 7

8. On June 6, 2023, the Bankruptcy Court entered an order authorizing Trustee and Ms. Reider to mediate the Avoidance Disputes through a mediation hosted by the Honorable Sage M. Sigler (the "**Mediation**").

9. As a result of the Mediation, Trustee and Ms. Reider (collectively, the "**Parties**") have reached an agreement resolving the claims raised by Trustee against Ms. Reider as to the Avoidance Disputes and all other claims between Trustee, on the one hand, and Ms. Reider, on the other hand, subject to Bankruptcy Court approval.

Accordingly, the Parties agree as follows:

1. **Background.** The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2. **Resolution of the Avoidance Disputes.** Subject to approval of this Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Parties agree to resolve the claims and disputes between them as follows:

   2.1. *Approval of Proposed Settlement.* Within five (5) business days after execution of this Agreement by each of the Parties, Trustee shall prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Settlement Approval Motion**"), seeking entry of an order by the Bankruptcy Court approving the compromise and settlement contemplated herein ("**Settlement Approval Order**").

   For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted

   2.2. *Payment of Settlement Funds to Trustee.* Ms. Reider shall pay Trustee $26,000.00 in good funds (the "**Settlement Funds**") in resolution of the Avoidance Disputes in accordance with the following schedule (the "**Scheduled Payments**"):

   2.2.1. $722.22 a month for 35 months on the 15th day of the month beginning on the first 15th day of the month after the Settlement Approval Order becomes final (the "**$722.22 Payments**"); and

   2.2.2. $722.30 on the 15th of the month one month after Ms. Reider has made the last of the $722.22 Payments.

Ms. Reider shall make each Scheduled Payment by delivering a check in the appropriate amount and in good funds made payable to "S. Gregory Hays, Trustee (Reider)" and delivered to Trustee's attention as follows:

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

2.3. *Events of Default and Limited Cure Periods.* If Ms. Reider fails to pay timely the Scheduled Payments as set forth in Section 2.2 of this Agreement, Ms. Reider shall be entitled to three (3), and only three (3), 10-day cure periods following notice (the "**Default Notice**") by Trustee to Ms. Reider, in which Trustee shall notify Ms. Reider that she has failed to make a Scheduled Payment and which notice shall be given as set forth in Section 12 of this Agreement. Following Ms. Reider's receipt, as set forth in Section 12 of this Agreement, of a Default Notice, Ms. Reider shall have ten (10) days to cure the non-payment (the "**10- Day Cure Opportunity**") of the Scheduled Payment by delivering the respective Scheduled Payment to Trustee as set forth in Section 2.2 of this Agreement. After the three (3) permitted cure periods have been exhausted, Trustee shall be entitled to strict compliance with all subsequent payment deadlines.

2.4. *Trustee entitled to Judgment Against Ms. Reider.* Effective upon the Settlement Approval Order becoming final, Ms. Reider shall execute a consent order ("**Consent Order**") and consent judgment (the "**Consent Judgment**"), substantially in the form of the order and judgment attached hereto as Exhibit "A," in favor of Trustee and against Ms. Reider in the amount of $50,000.00. Trustee shall hold the Consent Order and Consent Judgment in escrow except as expressly set forth in Section 2.5 of this Agreement.

2.5. *Remedies following Default.* If Ms. Reider: (a) fails to cure timely an unpaid Scheduled Payment following one of her three (3) 10-day Cure Opportunities, or (b) fails to pay timely a Scheduled Payment after she has exhausted her three (3) 10-day Cure Opportunities, then:

    2.5.1. Trustee shall be entitled to seek entry of the Consent Order and the Consent Judgment by the Bankruptcy Court and then to take any other actions necessary or appropriate to collect the Consent Judgment;

    2.5.2. Trustee shall be authorized to take all steps necessary to compel Ms. Reider to comply with the terms of this Agreement; and

    2.5.3. Trustee shall be entitled to and shall set off any Scheduled Payments made by Ms. Reider against the amount she owes the Bankruptcy Estate under the Consent Order and the Consent Judgment.

2.6. *Reduction in Amount Owed if Payment Made within 12 Months of Settlement Approval Order Becoming Final.* If Ms. Reider pays Trustee $25,000.00 within one year of the Settlement Approval Order becoming final, then the amount Ms. Reider owes Trustee under the terms of this Agreement shall be reduced from $26,000.00 to $25,000.00.

2.7. *Release by Trustee of Ms. Reider.* Effective upon Trustee's receiving (a) the $26,000.00 Settlement Funds from Ms. Reider in good funds in accordance with the schedule set forth in Section 2.2 of this Agreement; or (b) $25,000.00 within one year of the Settlement Approval Order becoming final, Trustee releases, acquits, and forever discharges Ms. Reider from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, that Trustee may have or claim to have against Ms. Reider prior to the Effective Date.

2.8. *Release by Ms. Reider of Trustee and the Bankruptcy Estate.* Effective upon the Settlement Approval Order becoming final, and except for the rights, duties, and obligations created or preserved under this Agreement, Ms. Reider releases, acquits, and forever discharges Trustee and the Bankruptcy Estate and each and every past and present agent, servant, employee, representative and attorney of Trustee or the Bankruptcy Estate from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that Ms. Reider may have or claim to have against Trustee or the Bankruptcy Estate prior to the Effective Date.

2.9. *No Claim Against the Bankruptcy Estate.* The Parties stipulate and agree that Ms. Reider shall not have a claim in the Bankruptcy Case against the Bankruptcy Estate for or on account of payment of all or any portion of the $26,000.00 Settlement Funds, or for any other reason, including payment of $25,000.00 in accordance with Section 2.6 of this Agreement, and that neither Ms. Reider nor any of her affiliates, agents, principals, subsidiaries, heirs, or next of kin shall receive a distribution from the Bankruptcy Estate.

2.10. *Dismissal of Adversary Proceeding.* Within ten (10) business days of the later of: (a) the Settlement Approval Order becoming a final order, or (b): (i) Trustee's receiving the $26,000.00 Settlement Funds from Ms. Reider; or (ii) Trustee's receiving $25,000.00 from Ms. Reider in accordance with Section 2.6 of this Agreement, Trustee and Ms. Reider shall file a stipulation dismissing with prejudice the Adversary Proceeding

3. **No Admissions.** The Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court. The Parties further acknowledge and agree that this Agreement will not and may not be used

or construed as an admission of any liability or responsibility to any party or to any other persons.

4. **Entire Agreement; Modification.** The Parties agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Agreement and that this Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein. The Parties further agree that this Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by Trustee and Ms. Reider, and that any material amendment is subject to Bankruptcy Court approval.

5. **Voluntary Execution of Agreement.** The Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties further mutually acknowledge and represent and warrant that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against either Trustee or Ms. Reider but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Parties.

6. **Authority of Parties.** The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

7. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

8. **No Assignment or Transfer of Released Claims.** Each Party represents and warrants that as of the date of the execution of this Agreement, it is the true and lawful owner of all right, title and interest in and to each and every Claim that will be released pursuant to this Agreement, and that it has not assigned or transferred or purported to assign or transfer, to any person, firm, corporation, association or any entity whatsoever, all or any part of the Claims.

9. **Definition of Claims.** The term "Claims" means all claims or causes of action that were asserted or could have been brought as of the Effective Date by or on behalf of any Party to this Agreement, either directly or indirectly, in respect of, in relation to, or in connection with the Bankruptcy Case or the Adversary Proceeding.

10. **Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this

Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

11. **Georgia Law Applicable.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

12. **Severability.** If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force.

13. **Notices.** Any notices by Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed received: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the electronic mail address set forth below, on the date of transmission, provided that the transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to such party at the address set forth below, three (3) days following the deposit of such notice in the mail. Notices shall be sent to the parties as follows

   13.1. *If to Trustee*:

   Michael J. Bargar
   Rountree Leitman Klein & Geer LLC
   2987 Clairmont Road, Suite 350
   Atlanta, GA 30329
   mbargar@rlkglaw.com (electronic mail)

   13.2. *If to Ms. Reider*:

   Brian S. Limbocker
   Limbocker Law Firm, LLC
   2230 Towne Lake Parkway
   Building 100, Ste. 140
   Woodstock, GA 30189
   bsl@limbockerlawfirm.com; (INSERT Ms. Reider's Email) (electronic mail)

   [handwritten: jujureider@gmail.com]

The address to which notices are to be sent may be changed by any party by providing notice of the new address as provided herein.

14. **Restoration**. In the event that the Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Parties in writing: (a) this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

Page 6 of 7

15. **Parties to Bear Own Costs.** Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**TRUSTEE**

_____
S. Gregory Hays, as and only as
Chapter 7 Trustee for the bankruptcy estate of
Alicia Jo Reider (Case No. 21-50335-WLH)

Dated:_____

**MS. REIDER**

*/s/ Judy B. Reider*
_____
Judy B. Reider

Dated: 10/10/23

Page 7 of 7

15. **Parties to Bear Own Costs.** Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

TRUSTEE

_____
S. Gregory Hays, as and only as
Chapter 7 Trustee for the bankruptcy estate of
Alicia Jo Reider (Case No. 21-50335-WLH)

Dated: 10/12/2023

MS. REIDER

_____
Judy B. Reider

Dated: 10/10/23

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing *Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program

Alexander Gray Hait on behalf of Debtor Alicia Jo Reider
legaljacket@mac.com, all@nmlit.com;all@northmetrolitigators.com

S. Gregory Hays
ghays@haysconsulting.net, saskue@haysconsulting.net;GA32@ecfcbis.com

Brian S. Limbocker on behalf of Defendant Judy B. Reider
bsl@limbockerlawfirm.com,
legalassistant@limbockerlawfirm.com;R52098@notify.bestcase.com

Office of the United States Trustee
ustpregion21.at.ecf@usdoj.gov

This is to further certify that I have this day served the *Motion for Order Authorizing Settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class, United States mail, with postage prepaid fully thereon, to the following parties:

Alicia Jo Reider
704 Victoria Court
Woodstock, GA 30189


This 16th day of October, 2023.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709